Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| HÉCTOR J. SANTIAGO VALENTÍN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500006 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Caso número:<br>PA-702-24<br><br>Sobre:<br>Respuesta de reconsideración |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparece ante nos la parte recurrente, Héctor J. Santiago Valentín, mediante un recurso de revisión judicial, y solicita que revisemos la determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 28 de octubre de 2024, notificada el 26 de noviembre del mismo año. Mediante el referido dictamen la agencia desestimó la solicitud de remedio administrativo promovida por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida. Veamos.

### I

El 20 de octubre de 2024, Héctor J. Santiago Valentín (Santiago Valentín o recurrente) instó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido).[1] En la misma, planteó que, el 18 de octubre de 2024, un oficial de

---

[1] Anejo 3 del recurso, págs. 3-4. Véase, además, expediente administrativo, págs. 3-4.

Número Identificador

SEN2025 _____

custodia no le permitió salir a trabajar por su salud y seguridad, mientras que otro oficial le indicó que tal decisión fue en represalia por una solicitud de remedio previa que solicitó en contra de este. Por entender que el otro oficial de custodia no estaba asignado a supervisar las brigadas de trabajo en la mencionada fecha y abusó de su poder, solicitó que se realizara una investigación al respecto.

Evaluado lo anterior, el 28 de octubre de 2024, notificada el 26 de noviembre del mismo año, el DCR emitió la determinación que nos ocupa, mediante la cual desestimó el remedio solicitado.[2] En específico, fundamentó su decisión de la siguiente forma:

> Regla XIII, [Sección] 5 – El evaluador tiene la facultad para desestimar las siguientes solicitudes:
>
> a. Que no haya cumplido con el trámite procesal del presente Reglamento.
>
> > Regla VII – Responsabilidad del Miembro de la Población Correccional
> >
> > 1. Ser[á] responsabilidad del miembro de la población correccional presentar las Solicitudes de Remedios en forma clara, concisa y honesta, estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente, ofrecer[á] toda informaci[ó]n necesaria para dilucidar su reclamo efectivamente.
>
> g. Cuando el miembro de la poblaci[ó]n correccional emita opiniones o solicite informaci[ó]n en su solicitud que no conlleve a remediar una situaci[ó]n de su confinamiento.[3]

En desacuerdo, el 26 de noviembre de 2024, Santiago Valentín presentó una *Solicitud de Reconsideración*.[4] En síntesis, arguyó que había sido específico y claro al esbozar su situación y el remedio solicitado a esos efectos. Reiteró los planteamientos detallados en su *Solicitud de Remedio Administrativo*, desglosó los nombres de los oficiales envueltos y enfatizó que la intervención en

---

[2] Anejo 4 del recurso, pág. 5. Véase, además, expediente administrativo, pág. 5.
[3] Íd.
[4] Anejo 5 del recurso, págs. 6-7. Véase, además, expediente administrativo, págs. 6-7.

cuestión de los oficiales de custodia fue indebida y afectó su ajuste institucional. En virtud de ello, reiteró su solicitud de que se refiriera el caso a la División de Asuntos Internos del DCR para que se investigara el asunto y se aplicara cualquier procedimiento disciplinario correspondiente.

Atendida la solicitud, el 10 de diciembre de 2024, notificada el 13 del mismo mes y año, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*, mediante la cual acogió la determinación del 28 de octubre de 2024 y denegó la petición de reconsideración.[5] En la misma, la agencia recurrida expresó lo siguiente:

> [...] Cabe resaltar, que la evaluación médica del 18 de octubre de 2024, recomienda que no puede realizar labores en el exterior o brigada por su condición médica. Sin embargo, la Sra. Michelle Graniela Loyola, técnica sociopenal, informa que tan pronto surja una plaza de trabajo disponible en el interior será evaluado por el Comité de Clasificación y Tratamiento.[6]

Inconforme con la determinación de la agencia, el 3 de enero de 2025, la parte recurrente compareció ante nos y realizó los siguientes señalamientos de error:

> Si la parte recurrida, cometió un error en la determinación recurrida violent[ó] *[sic]* el debido proceso de ley conforme a la, Ley de Contratación de Confinados para la Realización de Diversas Tareas como parte del Proceso de Rehabilitación y Reinserción a la Libre Comunidad, y el Manual correspondiente a las Brigadas de Empleo, al impedir el regreso a realizar labores, determinando la parte [recurrida] que esa determinación estaba sostenida en un[a] condición médica, sin identificar la misma, careciendo dicha determinación de un fundamento de diagnóstico médico, siendo esta determinación arbitraria, y caprichosa, y en represalia.

> Si la parte recurrid[a] cometió error en la determinación al negarse a reconocer la determinación del Fondo del Seguro del Estado, autorizando al [recurrente] a reincorporarse a su trabajo condicionado a continuar trabajando; al negarse a reconocer que le son vinculantes en derecho las determinaciones del Fondo del Seguro del Estado.

---

[5] Anejo 1 del recurso, pág. 1. Véase, además, expediente administrativo, pág. 9.
[6] Íd.

Si la parte recurrida le ha violentado su derecho a un tratamiento médico, informado y a su derecho a la información, al negarle el fundamento del diagnóstico con el cual se sostiene la parte [recurrida] para denegar el acceso a un trabajo como parte de su plan de rehabilitación; cuando como resultado de una recomendación de la que su médico asignado se emite una recomendación sin diagnóstico, *[sic]* y sin darle conocimiento m[é]dico sobre la[s] condiciones m[é]dicas en la[s] que se sostiene, para denegarle acceso a trabajo *[sic]* como parte de su derecho a la rehabilitación.

En cumplimiento con nuestra *Resolución* del 13 de enero de 2025, la parte recurrida compareció mediante *Escrito en Cumplimiento de Resolución* el 12 de febrero del año corriente.

Con el beneficio de la comparecencia de las partes, así como con la copia certificada del expediente administrativo, procedemos a resolver.

**II**

**A**

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe*

*v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 753 (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez*

*v. Supte. Policía,* supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.,* págs. 35-36; *OEG v. Martínez Giraud,* supra; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217. Nuestro Máximo Foro ha expresado que esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía,* supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Torres Rivera v. Policía de PR,* supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR*, supra, págs. 627-628; *OEG v. Martínez Giraud,* supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a

lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

La Sección 19 del Artículo VI de nuestra Constitución establece que será política pública "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo I. A raíz de ello, el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como el *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII (Plan de Reorganización Núm. 2-2011), provee para un sistema de custodia de las personas que han sido encontradas incursas en la comisión de un delito o falta y para que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad. 3 LPRA Ap. XVIII, Art. 2.

A esos fines, el objetivo principal del referido esquema legal es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección y Rehabilitación. Además,

el referido estatuto tiene como fin el evitar y reducir la presentación de pleitos en los tribunales de instancia. Véase, Introducción del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583). En particular, la Regla VI del Reglamento Núm. 8583, *supra,* dispone que la División de Remedios Administrativos tendrá jurisdicción para atender toda solicitud de remedio presentada por los miembros de la población correccional, relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional, entre otras.

Por otro lado, en lo aquí atinente, la Regla XIII, Sección 5, inciso g, del Reglamento Núm. 8583, *supra,* dispone que la persona evaluadora tiene la facultad para desestimar las solicitudes de los miembros de la población correccional cuando estos "emita[n] opiniones o solicite[n] información en su solicitud que no conlleve a remediar una situación de su confinamiento". Por otro lado, el inciso a de la precitada regla y sección establece que la persona evaluadora también ostenta la facultad para desestimar lo solicitado por un miembro de la población correccional cuando este no haya cumplido con el trámite procesal que dispone el Reglamento Núm. 8583, *supra,* incluyendo lo detallado en la Sección 1 de la Regla VII. Dicha sección señala que será responsabilidad del miembro de la población correccional presentar las solicitudes de remedio de una forma clara, concisa y honesta. Además, requiere que en las mencionadas solicitudes se establezcan las fechas y nombres de las personas involucradas en el incidente. Asimismo, se deberá ofrecer toda la información que sea necesaria para dilucidar el reclamo del miembro de la población correccional efectivamente.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En el presente recurso, la parte recurrente solicitó la revisión judicial de la *Respuesta al Miembro de la Población Correccional* emitida el 28 de octubre de 2024, en atención a la *Solicitud de Remedio Administrativo* Núm. PA-702-24. A su vez, solicitó la revisión de la determinación emitida el 26 de noviembre del mismo año, sobre la cual esboza los señalamientos de error que nos ocupan y basa sus argumentos en el escrito instado ante este Foro revisor. No obstante, esta última obedece a la *Solicitud de Remedio Administrativo* Núm. PA-703-24. En cuanto a la determinación del 26 de noviembre de 2024, el recurrente indicó que había solicitado la reconsideración de ella ante el organismo administrativo. Sin embargo, el documento anejado en el presente recurso no acredita la fecha en la que se presentó dicha solicitud. La parte recurrente únicamente expresa que el referido petitorio fue sometido ante el DCR y que aún no había sido adjudicado por la agencia. En vista de que el recurrente no nos puso en posición de auscultar nuestra jurisdicción, únicamente revisaremos lo resuelto en la solicitud Núm. PA-702-24.

En el caso de autos, el recurrente solicitó como remedio administrativo que el DCR realizara una investigación interna dirigida a establecer si un oficial de custodia particular tenía la facultad de decidir si el recurrente podía participar o no en la jornada laboral que se llevó a cabo el 18 de octubre de 2024. Evaluado el petitorio, el DCR lo desestimó al amparo de la Sección 1 de la Regla VII y de los incisos a y g de la Sección 5 de la Regla XIII del Reglamento Núm. 8583, *supra.* No obstante, posteriormente, en respuesta a la solicitud de reconsideración presentada por el

recurrente, el organismo administrativo le informó que, cuando surgiera una plaza de trabajo, sería evaluado para ella.

Según los hechos reseñados, así como el derecho aplicable, no encontramos vestigio de arbitrariedad, ilegalidad o irrazonabilidad, en la determinación recurrida. Por el contrario, ello es cónsono con los criterios contenidos en el Reglamento Núm. 8583, *supra*, que le brindan la facultad a la agencia para desestimar una solicitud de remedio cuando esta, entre otras cosas, no conlleva a remediar una situación del confinamiento del miembro de la población correccional. En virtud de ello, y por la parte recurrente no ponernos en posición de lo contrario, no encontramos fundamento para intervenir con la determinación recurrida.

En mérito de lo antes expuesto, sostenemos la determinación agencial recurrida. Nada en el expediente de autos sugiere que el pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible al DCR. Por tanto, toda vez que el recurrente no derrotó la presunción de corrección de la resolución que nos ocupa, confirmamos la determinación administrativa recurrida.

**IV**

Por los fundamentos que anteceden, confirmamos la determinación administrativa recurrida.

Notifíquese a las partes, al Procurador General y a la Secretaria del Departamento de Corrección y Rehabilitación. La persona administradora de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones